IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA METTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-112-L** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendant the United States of America's ("Defendant" or the "Government") Motion to Transfer Venue ("Motion") (Doc. 7), filed February 27, 2025; Plaintiff's Response to Defendants' Motion to Transfer Venue (Doc. 10), filed March 20, 2025; and Defendant's Reply in Support of its Motion to Transfer Venue (Doc. 12), filed April 2, 2025.

**I.   Background**

Plaintiff Jessica Metts ("Plaintiff" or "Ms. Metts") brought this action against Defendant on January 16, 2025, alleging violations of the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) ("FTCA"). Plaintiff alleges that officers of the Transportation Security Administration ("TSA") committed assault and battery against her during a checkpoint security screening process at an airport in Colorado. *See* Pl.'s Compl.

On February 27, 2025, the Government filed its Motion and requests that the court transfer this action to the District of Colorado pursuant to 28 U.S.C. § 1404(a). After filing its Motion, Defendant filed its Answer on March 17, 2025 (Doc. 8).

## II. Applicable Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Since the parties do not consent, a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citation omitted) (hereafter "*Volkswagen I*"). District courts have "broad discretion in deciding whether to order a transfer. . . ." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (*en banc*) (citation omitted) (hereafter "*Volkswagen II*"). In determining whether transfer is appropriate, courts consider: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws, or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203 (citation omitted). The moving party has the burden to prove that a case should be transferred for the convenience of the parties and witnesses. *Volkswagen II*, 545 F.3d at 314. A case is to be transferred only if the forum to which transfer is requested is "clearly more convenient." *Id.* at 315.

Under 28 U.S.C. § 1391, a civil action may be brought in:

>    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

### III. Analysis

#### A. Proper Venue and Jurisdiction

As set forth above, Defendant bears the burden of proving that the case could originally have been brought in the District Court of Colorado and that the balance of private and public interest factors. As Defendant correctly states, this case arises from events that occurred at the Durango-La Plata County Airport in Durango, Colorado, and Plaintiff could have originally filed suit in the District Court of Colorado, which is Colorado's only judicial district. *See* Def.'s Mot. 2 (citation omitted). The court determines that Defendant has satisfied its burden of proving that the case could originally have been brought in the District Court of Colorado.

The next consideration is "the convenience of the parties and witnesses." *Volkswagen I*, 371 F.3d at 203; *Volkswagen II,* 545 F.3d at 315. The Fifth Circuit has adopted the forum non conveniens private and public interest factors to determine the convenience of the parties and witnesses. *See Volkswagen II*, 545 F.3d at 314-15, n.9; *see also Volkswagen I*, 371 F.3d at 203. These factors "are not necessarily exhaustive nor exclusive," however, and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 315.

**Memorandum Opinion and Order – Page 3**

B. **Consideration of Private Interest Factors**

1. **Relative Ease of Access to Sources of Proof**

Defendant has set forth a sufficient factual basis for why the access to sources of proof favors a transfer to the District of Colorado. Based on the record before the court, the bulk of the relevant records are concentrated in Durango, Colorado, at the Durango-La Plata County Airport, where the TSA Agents involved in this action are located. There is no indication that relevant sources of proof, including video footage, physical footage, and records, are kept in the Northern District of Texas. The court agrees with Plaintiff's argument that the "surveillance footage and the documentary proof . . . can be easily provided and presented to this Court thanks to the advent of modern technology," as well as "the physical room where the pat down occurred be represented fairly and accurately in photographs and videos." *See* Pl.'s Resp. 5. "Although increasing technological advances have lessened the inconvenience of obtaining evidence in a different venue, this does not render the first factor superfluous." *See Roco v. Am. Airlines, Inc.*, No. 3:21-CV-2839-L, 2022 WL 658566, at *3 (N.D. Tex. Mar. 4, 2022). Defendant alleges that there are two pieces of physical evidence in Durango, Colorado; however, both pieces of evidence can be represented through video footage and photographs. Even if they could not be represented through video footage and photographs, at a minimum, it would be an arduous task to bring the "private screening area" and "passenger-screening area" to a courtroom in either district, which negates Defendant's argument.

Defendant has not shown in the form of an affidavit or otherwise, that the records are so voluminous that their production would be unduly burdensome, expensive, or inconvenient. Thus, the access to sources of proof factor weighs against transfer.

### 2. Availability of the Witnesses and Cost of Attendance

The availability and convenience of witnesses is arguably the most important of the factors in the § 1404 analysis. *See, e.g., LeBouef v. Gulf Operators, Inc.,* 20 F.Supp.2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure § 3851, at 415 (1986)). Further, a district court may enforce a subpoena issued to a nonparty witness "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). If it "has not been alleged or shown that any witness would be unwilling to testify," this factor receives less weight. *In re Planned Parenthood Fed'n Am., Inc.*, 52 F.4th 625, 630-31 (5th Cir. 2022).

Defendant contends that the witnesses, specifically the witnesses Plaintiff mentions in her Complaint, reside in Colorado and are outside the subpoena power of this court, and the cost of litigating in this court would be costly be borne by the federal government, which ultimately means taxpayers would "foot the bill." Doc. 7 at 5-7 (citations omitted). Defendant's Motion fails to identify any of these alleged TSA employees, fails to attach a declaration that lists any of the individuals, and states in a conclusory fashion that the witnesses live more than 100 miles from the Northern District of Texas. Additionally, Defendant fails to present evidence showing that any of its employees are unwilling to testify. Accordingly, these factors do not weigh in favor of transfer.

### 3. Problems that Make the Trial of the Case Easy, Expeditious, and Inexpensive

This factor considers "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. This factor weighs against transfer if the record reflects that the movant "inexcusably delayed" bringing its motion until

**Memorandum Opinion and Order – Page 5**

"late in the litigation." *Planned Parenthood*, 52 F.4th at 631. First, this case is in the early stages of litigation, and a scheduling order has not been entered. Second, Defendant filed its Motion less than two months after the Complaint was filed. Third, this court is less familiar with Colorado law than district courts in the District of Colorado, which consistently apply Colorado law. Fourth, while Defendant failed to name the witnesses it alleges are located in Colorado, Rule 45 limits the court's subpoena power to 100 miles of their job or residence; therefore, any witness in Colorado is outside the subpoena power of this court. Finally, there would be no delay or prejudice to Plaintiff if the case were transferred to the District of Colorado at this stage of the proceedings. Accordingly, this factor weighs in favor of transfer.

### C. Consideration of Public Interest Factors

#### 1. Administrative Difficulties Flowing From Court Congestion

Defendant concedes that this factor is neutral because the "median time from filing to [the] disposition of a civil case" in the District of Colorado is 7.4 months, as opposed to 5.6 months in the Northern District of Texas. Def.'s Mot. 8 (citing U.S. Courts, Federal Court Management Statistics 79). In response, Plaintiff likewise concedes and does not address this factor because it would "burden the court." Doc. 10 at 7. This is a close call; however, the court agrees with the parties and believes that the difference in the time it takes to dispose of a civil case between the two districts—almost two months—is a neutral factor that does not favor a transfer to the District of Colorado or maintenance of the action in the Northern District of Texas. Accordingly, this public interest factor does not weigh in favor of transfer.

#### 2. Local Interest in Having Local Interests Decided at Home

The second public interest factor, having localized-interests-decided-at-home, favors transfer if the events giving rise to this action occurred in the transferee district. *Volkswagen II*,

545 F.3d at 315. "This factor is based on the premise that jury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation." *Roco*, No. 3:21-CV-2839-L, 2022 WL 658566, at *4 (citations omitted).

Defendant contends that the local interest in having localized interests decided at home factor weighs heavily in favor of transferring this action to the District of Colorado because the acts that give rise to this lawsuit are of interest to the local community in Durango, Colorado. Def.'s Mot. 8-9.

Ms. Metts argues that the local interest in having localized interests decided at home factor skews in favor of Defendant, but only slightly, because this action "is not likely one to be on the radar of virtually anyone in the district where the airport sits." Pl.'s Resp. 7. Additionally, she argues that because the Transportation Security Administration is a governmental agency that serves the entire country, there is an equal and comparable concern for persons who are subject to pat downs in Dallas' airports. *Id.* Further, Plaintiff contends that it can be inferred from her Original Complaint that "some aspect of the medical treatment received in response to this complained-of conduct occurred in this district." *Id.* at 8.

Defendant accurately points out that many of the alleged wrongs took place in Colorado. While Plaintiff is correct that TSA serves the entire country, the alleged acts concern management and employees at Durango-La Plata County Airport in Durango, Colorado. The Northern District of Texas has little, if any, interest in decisions made pertaining to the Durango-La Plata County Airport. Accordingly, this factor weighs in favor of the transfer of this action to the District of Colorado.

### 3. Familiarity of the Forum with the Law that Will Govern the Case; and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The Government argues that the third and fourth factors—the familiarity of the forum with the governing law and the avoidance of unnecessary problems of conflict of laws, respectively—weigh in favor of transfer because the applicable law in this action is Colorado substantive tort law. Def.'s Mot. 9 (citation omitted).

Conversely, Ms. Metts contends that the third and fourth factors weigh in favor of this court retaining this action. Pl.'s Resp. 8. She argues that this court, like any federal court sitting in diversity, applies non-forum law, and there is no doubt that this court "would more than ably apply the law of Colorado in this case." *Id.* For these reasons, she argues that these factors weigh against transfer to the District of Colorado, and the court should deny Defendant's Motion.

The familiarity-of-the-forum-law "factor does not weigh in favor of transfer when both districts are 'equally capable of applying the relevant law.'" *In re TikTok, Inc.*, 85 F.4th 352, 365 (5th Cir. 2023) (citation omitted). It is undisputed that Colorado law applies to Plaintiff's FTCA claims. For this factor to weigh in favor of transfer, Defendant must show that Colorado state law is so "exceptionally arcane" that a judge in the Northern District of Texas would be less capable of applying Colorado law than a judge in the District of Colorado. *Id.* Because Defendant has not shown that Colorado law is so "exceptionally arcane" or complex—or so erudite, esoteric, or recondite—that this court cannot aptly apply it, this factor weighs against a transfer to the District of Colorado.

With respect to the "conflict of law" factor, the parties agree that Colorado law applies. The court also agrees that Colorado law applies. As this factor presents no further legal issue to

determine, the court determines that it weighs against transferring the action to the District of Colorado.

### IV. Conclusion

In analyzing the required factors, the court determines that five—the relative ease of access to sources of proof; availability of witnesses; cost of witnesses' attendance; familiarity of the governing law; and conflict of laws—weigh against transferring this case to the District of Colorado. On the other hand, the court determines that two factors—the problems that make the trial of this case easy, expeditious, and inexpensive; and the local interest in having local interests decided at home—weigh in favor of transferring this case to the District of Colorado. Finally, one factor—the administrative difficulties flowing from court congestion—is neutral. Even if the court were to consider the District of Colorado to be a slightly more convenient forum, Defendant fails to meet the requisite "clearly more convenient" standard.

For the reasons herein stated, Defendant has not established that the District of Colorado is clearly a more convenient forum than the Northern District of Texas. Defendant has, therefore, failed to demonstrate that a transfer from the Northern District of Texas to the District of Colorado is warranted under 28 U.S.C. § 1404(a). Accordingly, the court **denies** Defendant's Motion (Doc. 7).

**It is so ordered** this 15th day of May, 2025.

Sam A. Lindsay
United States District Judge